EXHIBIT E

**BONDURANT MIXSON & ELMORE** LLP

**MATTHEW R. SELLERS**  **WRITER'S DIRECT DIAL**
**(404) 881-4186**
sellers@bmelaw.com

September 29, 2021

**VIA EMAIL ONLY**

T. Michael Guiffre, Esq.
Crowell & Moring, LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
mguiffre@crowell.com

Re:   *Schrier v. Qatar Islamic Bank*, No. 20-cv-60075 (S.D. Fla.)

Dear Michael:

Since I have not heard from you, I am writing regarding your offer to confer about the deposition. After reviewing the transcript, I am not sure what there is to discuss. QIB flouted the Rules of Civil Procedure. Its total refusal to answer plainly relevant questions gives little assurance that it will forthrightly answer further questions at a second deposition.

We have not ruled out a sanctions motion under Rule 30(d)(2) or any other applicable Rule so the Court can remedy this situation. Rule 30(c) forbids your deposition tactics. Instructing a witness not to answer is permissible only to preserve a privilege, enforce a court order, or present a motion to terminate the deposition. QIB's refusal to answer went well beyond those narrow bounds. In perhaps the most telling exchange, you forbade QIB from answering a straightforward question on one of the core jurisdictional issues in the case—whether its U.S. correspondent accounts were used to finance the Madid campaign.

> Q.   Were Qatar Islamic Bank's US correspondent accounts used to finance the Madid campaign in 2012?
>
> MR. GUIFFRE:   I object. I instruct the witness not to answer.
>
> Q.   Were Qatar Islamic Bank's US correspondent accounts used to finance the Madid campaign in 2013?
>
> MR. GUIFFRE:   I object. I instruct the witness not to answer.
>
> QIB 30(b)(6) Dep. 94:1–11.

The obstruction was not isolated. You instructed QIB not to say whether it knows who Saad bin Saad al-Kabi is. QIB 30(b)(6) Dep. at 95:22–25. You instructed it not to say whether specific U.S. correspondent account transactions—within a time period QIB agrees is relevant—were used to finance the Madid campaign, the Nusra Front, or Ahrar al-Sham. QIB 30(b)(6) Dep. at 105:11–111:3.

Bondurant Mixson & Elmore LLP

September 29, 2021
Page **2** of **2**

You even instructed the witness not to say whether he received an email to his own email address. QIB 30(b)(6) Dep. at 119:18–24.

QIB's belated attempt to resolve the situation by offering an after-the-fact conferral rings hollow.  This unorthodox procedure has no basis in the Rules.  It seems transparently designed to impede the deposition and then, with the benefit of foreknowledge, coach QIB's witness how to answer.  On top of that, it appears QIB intends to prolong the discovery process to deny Mr. Schrier relevant evidence for his amended complaint, which is due less than two weeks from today.

If QIB still sees something to confer about, we will hear you out.  But we do not expect a conferral to remedy this deposition misconduct.

>	Best regards,
>
>	*/s/ Matthew R. Sellers*
>	Matthew R. Sellers

MRS:jmt

cc:	Shawn C. Layman, Esq.
	John H. Rains IV, Esq.
	Kamal Ghali, Esq.