IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 0:20-cv-60075-RKA

MATTHEW SCHRIER,

    Plaintiff,

v.

QATAR ISLAMIC BANK,

    Defendant.

## RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY

Under Local Rule 7.8, Plaintiff Matthew Schrier responds to Defendant Qatar Islamic Bank's (QIB) Notice of Supplemental Authority, citing *Bernhardt v. Islamic Republic of Iran*, __ F.4th __, 2022 WL 4074415 (D.C. Cir. Sept. 6, 2022). *Bernhardt* held that the defendant bank's U.S. contacts lacked a sufficient relationship to the plaintiffs' claims to establish jurisdiction. The plaintiffs attempted to tie the defendant to an al-Qaeda bombing based on the defendant's "sanctions evasion on behalf of several intermediary banks." *Id.* at *4. But the intermediaries had only "possible connections" to "terrorism generally," not al-Qaeda specifically. *Id.* Schrier alleged a specific relationship between a QIB customer, Saad al-Kabi, and the Nusra Front, and that QIB knew of this relationship when it provided financial services. That sets this case apart from *Bernhardt* and suffices for jurisdiction.

*Bernhardt* alternatively said the plaintiffs failed to state an Anti-Terrorism Act aiding-and-abetting claim. *Id.* at *7. Here again, Schrier's allegations differ from *Bernhardt*. Schrier alleged that QIB knew al-Kabi used a QIB account to support a fundraising campaign for the Nusra Front to the tune of millions of Qatari riyal. Moreover, *Bernardt* said that "[g]reater access to capital"

#3470212v1

like that QIB and al-Kabi provided the Nusra Front supports a finding of substantial assistance, and *Bernhardt* noted that QIB need not have "assisted a foreign terrorist organization directly" to be liable. *Id.* at *10. It is enough that QIB "recognized the money it transferred to its customer[] would be received by" the Nusra Front. *Id.* (quotation omitted).

Respectfully submitted this 28th day of September, 2022.

/s/ *John H. Rains IV*
John H. Rains IV
Georgia Bar No. 556052, Florida Bar No. 56859
Kamal Ghali
Georgia Bar No. 805055 (admitted *pro hac vice*)
Matthew R. Sellers
Georgia Bar No. 691202 (admitted *pro hac vice*)
rains@bmelaw.com
ghali@bmelaw.com
sellers@bmelaw.com
**BONDURANT, MIXSON & ELMORE, LLP**
1201 West Peachtree Street, N.W., Suite 3900
Atlanta, Georgia 30309
Telephone: (404) 881-4100
Facsimile: (404) 881-4111

G. Scott Hulsey
District of Columbia Bar No. 449040 (admitted *pro hac vice*)
Carrie A. Tendler
New York Bar No. 4400842 (admitted *pro hac vice*)
scott.hulsey@kobrekim.com
carrie.tendler@kobrekim.com
**KOBRE & KIM**
1919 M Street, N.W.
Washington, DC 20036
Telephone: (202) 664-1904
Facsimile: (202) 664 1920

Kevin T. Carroll
District of Columbia Bar No. 1020479
New York Bar No. 4075339 (admitted *pro hac vice*)
kcarroll@wiggin.com
**WIGGIN AND DANA LLP**
800 17th Street, N.W., Suite 520

        Washington, DC 20006
        Telephone: (202) 800-2475
        Facsimile: (212) 551-2888

        ***Attorneys for Plaintiff Matthew Schrier***

## CERTIFICATE OF SERVICE

I hereby certify that I have filed a true and correct copy of the foregoing **RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY** using the CM/ECF filing system which will cause copies to be served on counsel of record.

This 28th day of September, 2022.

*/s/ John H. Rains IV*
John H. Rains IV
Georgia Bar No. 556052
Florida Bar No. 56859

#3470212v1